IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Clarence Bell,                         :

                                 Civil Case No. 2:11–cv-1165

         Petitioner          :    Criminal No. 2:06-cr-0100

        v.                     :    Judge Smith

United States of America,       :    Magistrate Judge Abel

         Respondent       :

# REPORT AND RECOMMENDATION

Petitioner Clarence Bell , a federal prisoner, brings this action styled a motion pursuant to Rule 60(b) or for a writ of error under the All Writs Act but which is, in law, a petition for writ of habeas corpus under 28 U.S.C. §2255. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2255 Cases in United States District Courts.

On November 30, 2006, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine and one count of possession with intent to distribute more than 500 grams of cocaine. He was sentenced to a term of 100 months incarceration.

Petitioner filed a notice of appeal. On September 18, 2009, the United States Court of Appeals for the Sixth Circuit issued a decision affirming the judgment of conviction (doc. 306).

Petitioner alleges that his conviction  violated the United States Constitution because:

A.     He would not have pleaded guilty had he known he would be held accountable for the acts of unindicted coconspirators (possession of a firearm in connection with his possession of cocaine.

B.     The two-point sentencing enhancement for possession of a firearm during the commission of the crime of possession of more than 500 grams of cocaine was unjustified and illegal because there was no evidence that he personally possessed a firearm.

C.     The facts supporting the enhancement were not found by a jury as required by *Blakely v. Washington,* 2009 WL 140267.

D.     He was denied the effective assistance of counsel because his attorney failed to effectively challenge the two-point enhancement for possession of a firearm.

<u>Neither a motion under Rule 60(b) nor a writ of error is an available remedy.</u> Petitioner Bell took a direct appeal and challenged the two-point enhancement for possession of a firearm in connection with the drug offenses. The Court of Appeals held that the district court properly concluded that he was in possession of the gun and that his possession was in connection with the drug offenses. Claims that were raised or could have been raised on direct appeal cannot be relitigated. *Regalado v. United States,* 334 F.3d 520, 527-28 (6th Cir. 2003). Consequently, grounds for relief A through C,

which were raised or could have been raised on direct appeal, cannot now be raised in a collateral attack on petitioner's sentence.

The claim of ineffective assistance of counsel could only be raised in a motion to vacate sentence under 28 U.S.C. § 2255. Neither a Rule 60(b) motion nor a writ of error is an available remedy. *See, Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005); *Halliburton v. United States,* 2003 WL 271754 (6th Cir. February 4, 2003); *United States v. Johnson,* 237 F.3d 751, 753-54 (6th Cir. 2001); *Doe v. Immigration and Naturalization Service,* 120 F.3d 200, 202-03 (9th Cir. 1997).

<u>Motion to vacate sentence barred by statute of limitations</u>. The petition for writ of habeas corpus herein was filed  March 22, 2011, and petitioner Bell signed the petition March 20, 2011.  Under the provisions of 28 U.S.C. § 2255(f), there is a one-year period of limitation for persons filing a motion to vacate sentence.  The limitation period begins to run from the date the judgment became final by the conclusion of direct review.  *Id.*[1]

---

[1]The Antiterrorism and Effective Death Penalty Act of established a 1-year period of limitations on motions by prisoners seeking to modify their federal sentences:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced March 28, 2007. He filed a direct appeal; and, when the Court of Appeals affirmed the judgment of conviction, he did not file a petition for writ of *certiorari*. His conviction became final on November 27, 2009, ninety days after September 18, 2009 , the date the Sixth Circuit affirmed his convictions[2]. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2255(f) subparagraph (1). He failed to do so. Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time. See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

---

28 U.S.C. § 2255(f).

[2]Petitioner had ninety days to file a petition for writ of *certiorari* to the United States Supreme Court. His conviction became final upon expiration of that time. *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999)(*en banc*).

-4-

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge